IN THE UNITED STATES DISTRICT COURT FOR
THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

**HAYES HUNT**
**PLAINTIFF**

VS.                                        CIVIL ACTION NO. 1:20-CV-0208-SA-RP

**STEVE C. GLADNEY in his official**
**capacity;**
**OKTIBBEHA COUNTY, MISSISSIPPI**
**BRITTANY ALLEN BEARD**
**BRADLEY BEARD**

## COMPLAINT

Plaintiff Hayes Hunt brings this federal action for the warrantless and unreasonable seizure of his personal property by Brittany Allen Beard and Bradley Beard with the assistance of Oktibbeha County Sheriff's deputies with the full approval of the Defendant Sheriff in violation of Hunt's Constitutional rights, privileges and immunities, and particularly in violation of his right under the U.S. Const., Amend. IV. to be secure in his papers and effects against unreasonable searches and seizures.

### I. JURISDICTION

1.  This court has subject matter jurisdiction of Plaintiff's claims brought pursuant to 28 U.S.C. §1331 and 28 U.S.C. §1343. The court also has jurisdiction under 28 U.S.C. 1332 on Plaintiff's state law claim of conversion against Brittany and Bradley Beard, as well as supplemental jurisdiction over Plaintiff's state law claim.

2.  Venue is proper in this court pursuant to 28 U.S.C. § 1391 because the cause of action arose in this judicial district and division.

3.  This court has personal jurisdiction over Oktibbeha County and Sheriff Steve Gladney in his official capacity via 42 U.S.C. §1983, as well as over Brittany Allen Beard and Bradley Beard, who as private individuals acted in concert with the county Sheriff's Department deputies.

## II. PARTIES

4.      Plaintiff Hayes Hunt is an adult resident citizen of Oktibbeha County, Mississippi.

5.      Defendant Steve C. Gladney was at all relevant times herein the Sheriff of Oktibbeha County. He is sued in his official capacity. Defendant Oktibbeha County is a legal subdivision of the State of Mississippi, located within the Northern Judicial District.

6.      Defendant Brittany Allen Beard is the estranged adult daughter of Plaintiff Hayes Hunt and is an adult resident citizen of the state of Alabama.

7.      Defendant Bradley Beard is the husband of Brittany Allen Beard and is an adult resident citizen of the state of Alabama.

## III. FACTS

8.      On April 17, 2018, Brittany Allen, now Brittany Allen Beard, estranged daughter of Hayes Hunt, and her then boyfriend and now husband, Bradley Beard, with the assistance of several Sheriff's deputies entered Hunt's residence at 340 Tom Street, in Sturgis, Mississippi without permission or right of possession of his personal property and in the absence of any court order, and carried away all of his dishes, as well as other household contents.

9.      The deputies who assisted them were William Ford, Justin Livingston and Douglas Hamilton, acting under the order of, or with the knowing consent of Defendant Sheriff Gladney. A private citizen, Tina McMinn Jones, a niece of Plaintiff, was also there.

10.     On May 2, 2019, again without permission or right of possession of Hunt's personal property and with no court order, Brittany Allen and Bradley Beard pillaged Hunt's household contents with the assistance of the following Sheriff's deputies: Sargent James Lacey and three deputies, names unknown.

11.     A list of those contents, together with the estimated replacement cost of each, is attached hereto as Collective Exhibit "A" and incorporated herein verbatim. Collective Exhibit "B" consists of photos of the contents, or of items identical to the items which were taken.

12. On May 2, 2019, although Brittany may have recovered title to the house, which she previously had deeded to her ex-husband, she did not have a justice court order of removal or a circuit court order and did not have a right to carry away the personal property of her father.

13. The following day, May 3, 2019, Hunt met with Captain Brett Watson and asked by what authority the deputies and Brittany Allan and Bradley Beard had entered the house and removed its contents.

14. His only answer was that Brittany showed him numerous receipts.

15. However, there was no evidence produced that Brittany had made the purchases, or that the receipts were for the items removed from the house..

16. Hunt asked to see a court order and the receipts but Watson did not produce either a court order or the receipts.

19. Brittany was able to take Plaintiff's property only because of the intervention of the Sheriff's deputies.

20. The Sheriff's deputies acted without Plaintiff's permission or a court order.

21. The Sheriff's deputies acted with the approval of and under the order of the Defendant Sheriff.

22. On August 4, 2020 several Sheriff's deputies, accompanied by Brittany Allen Beard and Bradley Beard, descended on the Sturgis residence of Plaintiff Hunt and forced him and his sister, Judy Arruza, and son Amory out of the house. The deputies, Lt. Chain Owens and Debbie (last name unknown) claimed they had a circuit court order for eviction.

23. However, the deputies did not have a circuit court order or order for removal by the justice court.

24. That same day Hunt retained Attorney Hays Burchfield of Eupora, Mississippi to investigate the alleged basis for the eviction.

25. The deputies told him they did not have a court order, but they were simply assisting Constable James Lindsey, who they said had the paperwork from Justice Court.

26. James Lindsey told Burchfield that he had no order, and the action was initiated by the deputies. He was very upset that the deputies had not produced an order.

27. Prior to leaving the area Hunt saw Bradley Beard back up a white 4-door Ford truck to the front door of the residence at 340 Tom Street. Brittany Allen Beard and her husband, Bradley Beard, using movers and at least three vehicles, removed most of the remaining household contents and had the locks on the doors changed. Apparently, no one attempted to do an inventory of the items taken out of the house.

28. The household contents belonged to Hayes Hunt.

### IV. FEDERAL CLAIM—FOURTH AMENDMENT

29. Each of the above described raids on the contents of the residence at 340 Tom Street, Sturgis Mississippi, constituted a violation of Hayes Hunt's "…right..to be secure in [his] papers and effects…" U.S. Const., Amend. IV. No judge had found "probable cause, supported by Oath or affirmation, and particularly describing the place to be searched and the persons or things to be seized." *Id*.

30. In each instance Oktibbeha County Sheriff's deputies provided the unlawful shield to Brittany and Bradley Beard to allow them to steal the personal property of Hayes Hunt.

31. Collective Exhibits "A" and "B" hereto, and incorporated herein, lay out the property losses to Hayes Hunt caused by the Beards with the assistance of the Sheriff's deputies.

32. All of the actions of the deputies described herein were known to and authorized by Defendant Sheriff Steve Gladney, acting in his official capacity as the final policy-making official for Oktibbeha County law enforcement operations. The lawsuit against him in his official capacity is tantamount to a lawsuit against the County.

### V. STATE LAW CLAIM --CONVERSION

33. Defendants Brittany and Bradley Beard are also liable in damages to Plaintiff Hunt for conversion of his personal property in that they wrongfully possess his personal property, or have exercised dominion in exclusion or defiance of Hayes Hunt's right.

## VI. REQUEST FOR RELIEF

34. Hayes Hunt requests that each of the Defendants be served with legal process and be required to respond to this Complaint within 21 days of service of process. Plaintiff demands a jury trial and a determination of liability of each Defendant to Plaintiff for violation of his rights under the Fourth Amendment, and with regard to the Beards, also for conversion of his personal property. Hays seeks assessment of compensatory damages in a reasonable amount for his losses of personal property and for the disruption of his life, and punitive damages against the Beards adequate to punish each of them and to deter such wanton and malicious conduct in the future by others similarly situated. Plaintiff further requests assessment of his attorney fees and expenses against the Defendants pursuant to 42 U.S.C. §1988 and with regard to the state law claim for punitive damages, Hunt's attorney fees as allowed by state law, and court costs.

**RESPECTFULLY SUBMITTED,**

HAYES HUNT

BY:/s/ Ronald W. Lewis
RONALD W. LEWIS
LEWIS LAW FIRM
404 GALLERIA LANE, STE. 5
P.O. BOX 2729
OXFORD, MS 38655
(662)234-0766
ron@ronlewislaw.com